IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Anthony Fred Martin, | ) | C/A No.: 4:13-2067-DCN-TER |
|     Plaintiff, | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| William Byars; Michael McCall; Brian DeGeorgis; Dennis Arrowood; Travis Thurber; Ms. Snyder; Brandon Eich, | ) | |
|     Defendants. | ) | |

Plaintiff, proceeding *pro se* and *in forma pauperis*, is an inmate incarcerated at Perry Correctional Institution alleging violations of 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) DSC, the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the complaint without prejudice and without issuance and service of process.

I.  Factual and Procedural Background

Plaintiff alleges that, in May of 2013, Defendants interfered with Plaintiff's right to court access by removing from the prison mail room a legal document Plaintiff submitted for mailing to this court. ECF No. 1 at 5–6. The document in question was Plaintiff's response in opposition to a motion for summary judgment filed in one of Plaintiff's civil actions pending before this court *Id.* at 5. Plaintiff alleges that the Defendants' actions prejudiced his pending civil case, *Martin v. Byers, et al.*, C/A No. 4:12-2100-DCN-TER (hereinafter "*Martin I*"), by requiring Plaintiff to request an extension of time to respond to the summary judgment motion. *Id.* Plaintiff seeks monetary damages. *Id.* at 7.

II.  Discussion

A. Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B. Analysis

The complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S.

137, 144 n.3 (1979)). A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). A plaintiff must also affirmatively show that a defendant acted personally in the deprivation of his or her constitutional rights. *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977).

As an initial matter, Plaintiff identifies Defendants as employees of the South Carolina Department of Corrections ("SCDC"), but provides no facts in the body of the pleading to demonstrate that these individuals were personally involved in the alleged removal of Plaintiff's legal document from the prison mail room. Rule 8(a)(2) of the Federal Rules of Civil Procedure provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Although the court must liberally construe a *pro se* complaint, the Unites States Supreme Court has made clear that a plaintiff must do more than make conclusory statements to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. *Iqbal*, 556 U.S. at 678–79; *Twombly*, 550 U.S. at 570. The reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 679; *Twombly*, 550 U.S. at 555. In the present action, Plaintiff states that "someone deliberately took it upon themselves to remove my opposition response" from the prison mail room. ECF No. 1 at 6. However, absent supporting factual allegations, mere speculation that the Defendants tampered with Plaintiff's legal mail is insufficient to state a cognizable § 1983 claim. *See Cochran v. Morris*, 73 F.3d 1310, 1317 (4th Cir. 1996)

3

("Specificity is necessary so that prison officials are not required to file unnecessary responses to speculative allegations.").

Further, it is well established that, to state a constitutional claim for denial of meaningful access to the courts, an inmate must allege specific injury resulting from the alleged denial. *See Lewis v. Casey*, 518 U.S. 343, 349 (1996) (holding that an inmate alleging denial of access to the courts must be able to demonstrate "actual injury" caused by the policy or procedure in effect at the place of incarceration in that his non-frivolous legal claim had been frustrated or was being impeded). Plaintiff must make specific allegations as to the actual injury sustained. *See Cochran*, 73 F.3d at 1317; *Strickler v. Waters*, 989 F.2d 1375, 1384 (4th Cir.1993) (Prisoner had a "basic requirement that he show specific harm or prejudice from the allegedly denied access."). In the instant complaint Plaintiff alleges that the removal of his legal document from the prison mail room prejudiced a pending civil action in this court. ECF No. 1 at 5. However, records in *Martin I* reflect that the court received Plaintiff's motion for an extension of time to respond to the motion for summary judgment on May 30, 2013, and the court issued an order granting the motion on May 31, 2013.[1] *See Martin v. Byers, et al.*, C/A No. 4:12-2100-DCN-TER (D.S.C. July 30, 2012) at ECF Nos. 165–66. The order extended Plaintiff's time to respond to the motion for summary judgment until July 1, 2013. *Id.* at ECF No. 166. Plaintiff subsequently responded to the summary judgment motion and *Martin I* remains pending at this time. *Id.* at ECF Nos. 175–76, 179. As Plaintiff fails to demonstrate that the Defendants' actions resulted in any "actual injury" or impediment to a non-frivolous legal action, his denial of court access claim is subject to summary dismissal.

III.     Conclusion and Recommendation

---

[1] A district court may take judicial notice of materials in the court's own files from prior proceedings. *See United States v. Parker*, 956 F.2d 169, 171 (8th Cir. 1992) (the district court had the right to take judicial notice of a prior related proceeding); *see also Fletcher v. Bryan*, 175 F.2d 716 (4th Cir. 1949).

For the foregoing reasons, it is recommended that the complaint be dismissed without prejudice and without issuance and service of process.

|  |  |
|---|---|
| August 28, 2013<br>Florence, South Carolina | s/Thomas E. Rogers, III<br>Thomas E. Rogers, III<br>United States Magistrate Judge |

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 2317
> Florence, SC 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).